IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STEVEN A. TALKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-2305-CM |
| | ) | |
| DELUXE CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case comes before the court on the motion of plaintiff, Steve A. Talkin, to amend his complaint by interlineation (**doc. 16**). Defendants, Deluxe Corporation, Deluxe Corporation Employee Health and Reimbursement Account Plan, Hope Newland, and Kathy King (the "Deluxe defendants"), and defendant, Hartford-Comprehensive Employee Service Company ("Hartford-CEBSCO"), have filed responses (docs. 20 & 21). Plaintiff has replied (doc. 22). As set forth below, the court grants plaintiff's motion.

Fed. R. Civ. P. 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . .. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Although Rule 15(a) requires that leave to amend "be freely given when justice so requires," whether leave should be granted is within the trial court's discretion.[1]  The factors considered by the court in determining whether to allow amendment of a pleading are undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of amendment.[2]

Plaintiff seeks leave to amend his first amended complaint by interlineation to add Deluxe Financial Services Group, Inc. ("Deluxe Financial"), Hartford-CEBSCO, and The Hartford Financial Services Group, Inc. ("HFSG"), and change The Hartford Insurance Company ("HIC") to The Hartford Insurance Company of the Midwest ("HIC-Midwest").

**Deluxe**

The Deluxe defendants do not object to the addition of Deluxe Financial but argue that Deluxe Corporation is an improper defendant and thus, should be dismissed.

On the basis that there is no objection, the court will grant plaintiff leave to add Deluxe Financial as a party defendant.  As to the issue of whether defendant Deluxe Corporation should be dismissed as an improper party, this issue is more appropriate for decision by the assigned U.S. District Judge, Hon. Carlos Murguia, upon the filing a motion to dismiss or judgment on the pleadings.

---

[1] *Castleglen v. Resolution Trust Corp.*, 894 F.2d 1571, 1585 (10th Cir. 1993) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)).

[2] *Foman v. Davis*, 371 U.S. 178 (1962); *Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

**Hartford**

In its response, defendant Hartford-CEBSCO identifies itself as the proper defendant, rather than HIC, and agrees that substitution of Hartford-CEBSCO for HIC is appropriate. The court, therefore, grants plaintiff leave to substitute defendant Hartford-CEBSCO for HIC.

As to the addition of HIC-Midwest and HFSG as party defendants, Hartford-CEBSCO argues that neither are proper parties to this action and thus allowing them to be added would be futile. The court is unable to make such determination upon review of the facts now before the it. This issue also can most readily and appropriately be made by the assigned U.S. District Judge, Hon. Carlos Murguia, in the context of a motion to dismiss or for judgment on the pleadings. Plaintiff is granted leave to add HIC-Midwest and HFSG as party defendants.

In consideration of the foregoing,

IT IS HEREBY ORDERED that plaintiff's motion for leave to amend **(doc. 16)** his first amended complaint by interlineation is granted. Plaintiff shall file and serve his second amended complaint with the interlineations within 11 days after the filing of this order.

Dated this 8th day of November, 2005, at Kansas City, Kansas.

                                        s/James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge