# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **STEVEN A. TALKIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-2305-CM** |
| ) | |
| **DELUXE CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On August 11, 2006, plaintiff filed a Motion for Extension of Discovery (Doc. 150) seeking a forty-five day extension of discovery to take three depositions and obtain documents. That same day, Magistrate Judge James P. O'Hara issued an order denying plaintiff's motion (Doc. 152). This matter comes before the court on Plaintiff's Motion for Review of Magistrate Judge's Order (Doc. 153)[1]. For the reasons set forth below, the court denies plaintiff's motion.

The district court reviews a magistrate's order on non-dispositive, pre-trial matters under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 994 (10th Cir. 2000); 28 U.S.C. § 636(b)(1)(A). The court must affirm the decision of the magistrate unless "'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also* Fed. R.

---

[1] In footnote twelve of his motion, plaintiff requests the court to order that certain documents are not subject to the protective order. This request is not properly before the court; plaintiff should file a motion with the magistrate requesting the relief. Moreover, defendants have not responded to the request. Therefore, the court will not consider plaintiff's request at this time.

Civ. P. 72(a); D. Kan. Rule 72.1.1(c) & 72.1.4(a).

Plaintiff contends that the magistrate's order denying a discovery extension should be reversed because the magistrate (1) misapplied *Smith v. United States*, 834 F.2d 166 (10th Cir. 1987); (2) failed to accord the discovery rules broad and liberal treatment; and (3) failed to follow precedent. The court disagrees.

Whether to extend or reopen discovery is within the sound discretion of the court. *Smith*, 834 F.2d at 169 (citations omitted). When determining whether to extend or reopen discovery, the court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* 834 F.2d at 170. *Smith* is the appropriate law to apply to plaintiff's request for an extension. Additionally, the factors set forth in *Smith* are not inconsistent with the liberal treatment of the discovery rules or this court's precedent; instead, they require a balance of liberal discovery rules and judicial economy. Magistrate Judge O'Hara was correct in applying *Smith* to plaintiff's request.

After considering the *Smith* factors, Magistrate Judge O'Hara found that the requested extension would interfere with the current scheduling order and prejudice defendants. He also found that plaintiff was not diligent enough with his discovery to warrant an extension, did not correctly foresee the consequences of his strategic and tactical decisions concerning the timing of discovery, and had not shown that the requested discovery was likely to lead to relevant evidence.

Upon review of the *Smith* factors and the parties' arguments, the court finds that Magistrate Judge O'Hara did not abuse his discretion when denying plaintiff's Motion for Extension of

-2-

Discovery (Doc. 150).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review of Magistrate Judge's Order (Doc. 153) is denied.

Dated this 8th day of September 2006, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**