## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| STEVEN A. TALKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 05-2305-CM** |
| | ) | |
| DELUXE CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Steve A. Talkin brings this action pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.  Although he asserts a variety of claims against defendants,[1] he only asserts two claims against defendant Cayford: (1) failure to provide information required by ERISA and (2) breach of ERISA Fiduciary Duty.  This matter is currently before the court on Defendant Steven J. Cayford's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim and Renewed Motion for Summary Judgment (Doc. 195).

### I.      Factual Background

In May 2004, Plaintiff was involved in an automobile accident.  After his accident, he applied for short-term disability benefits under his employer's short-term disability plan, the Deluxe Short-Term Disability Plan ("the Plan").  Hartford-CEBSCO is the claims evaluator for the plan.  At

---

[1]  Defendants Deluxe Corporation ("DLX"), Deluxe Financial Services, Inc. ("DFS"), the Deluxe Short-Term Disability Plan ("Plan"), Hope Newland ("Newland"), and Kathy King ("King") are referred to collectively as the "Deluxe defendants."  The Hartford Comprehensive Employee Benefit Service Company ("Hartford-CEBSCO") and Steven Cayford ("Defendant Cayford") are referred to collectively as the "Hartford defendants."

the time of plaintiff's claim, defendant Cayford was a short-term disability examiner for Hartford-CEBSCO.  Plaintiff received benefits from June 10, 2004 through August 18, 2004 under the Plan, but his claims for benefits after August 18, 2004 were denied.  Plaintiff appealed the decision to deny his benefits; Deluxe denied his appeal.

## II.    Legal Standards

A plaintiff bears the burden of establishing personal jurisdiction over a defendant.  *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  To demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists.[2]  *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987).  In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits.  *Id*.  The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."  *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).  The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff.  *Fed. Deposit*, 959 F.2d at 174.

When considering whether it can assert personal jurisdiction in a federal question case, the court must determine "(1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports

---

[2] Eventually a plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial.  *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank*, No. 97-2458-KHV, 1998 WL 184470, at *1 (D. Kan. Mar. 2, 1998).

with due process.'"  *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)

(quotations omitted).  ERISA provides for nationwide service of process: "Where an action under this

subchapter is brought in a district court of the United States,  . . .  process may be served in any other

district where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2); *see also Peay,* 205 F.3d

at 1211 ("There is no question that the last clause of § 1132(e)(2) authorizes nationwide service of

process.").  Thus, the first prong of the two-prong test is satisfied.

"[I]n a federal question case where jurisdiction is invoked based on nationwide service of

process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the

defendant."  *Peay,* 205 F.3d at 1212.  To establish that jurisdiction does not comport with Fifth

Amendment due process, a defendant must show that "exercise of jurisdiction in the chosen forum

will 'make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe

disadvantage in comparison to his opponent.'"  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 478 (1985)).  To determine the whether the inconvenience to the defendant is

constitutionally significant, the court looks at the following factors:

> (1) the extent of the defendant's contacts with the place where the action was
> filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction
> other than that of his residence or place of business, including (a) the nature and
> extent and interstate character of the defendant's business, (b) the defendant's
> access to counsel, and (c) the distance from the defendant to the place where the
> action was brought; (3) judicial economy; (4) the probable situs of the discovery
> proceedings and the extent to which the discovery proceedings will take place
> outside the state of the defendant's residence or place of business; and (5) the
> nature of the regulated activity in question and the extent of impact that the
> defendant's activities have beyond the borders of his state of residence or
> business.

*Id.* at 1212.

Once the defendant has established that the chosen forum is unduly inconvenient, "then

'jurisdiction will comport with due process only if the federal interest in litigating the dispute in the

chosen forum outweighs the burden imposed on the defendant.'" *Id.* at 1213 (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997). To determine whether the infringement on defendant's liberty is justified, the court examines "the federal policies advanced by the statute, the relationship between nationwide service of process and the advancement of these policies, the connection between the exercise of jurisdiction in the chosen forum and the plaintiff's vindication of his federal right, and concerns of judicial efficiency and economy." *Id.* at 1213.

### III.    Discussion

Defendant Cayford has very little individual contact with Kansas—he visited Kansas once as a child. He has never lived in Kansas; he has no property, assets, or bank accounts in Kansas; he has never advertised or solicited business in Kansas; and he has no registered agent in Kansas. All of his contacts with Kansas have been as an employee of Hartford-CEBSCO. Defendant Cayford examined claims on behalf of Hartford-CEBSCO. Those claims were randomly assigned by Hartford-CEBSCO. Accordingly, defendant Cayford had some contact with Kansas when he handled claims that arose in Kansas, but he did not handle all Hartford-CEBSCO claims that arose in Kansas. As Hartford-CEBSCO's claims examiner, defendant Cayford sent approximately ten letters, facsimiles, and emails and made approximately twelve telephone calls to Kansas residents. Defendant Cayford's contacts with Kansas are not significant enough to support personal jurisdiction. *Cf. Loeffelbein v. Rare Medium Group*, No. 02-2435, 2003 WL 23484636, at *4 (D. Kan. Oct. 21, 2003) (recognizing that in the minimum contacts context, the Tenth Circuit determined that phone calls and ten-to-twenty faxes and letters during the course of contract negotiations were insufficient to establish minimum contacts) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1076–77 (10th Cir. 1995)). Although discovery is complete, the parties are on the eve of trial. Defending litigation in Kansas,

over 400 miles from defendant Cayford's residence, would be inconvenient.  Also, the nature of the

activity in question and the extent of the interstate impact of defendant Cayford's activities do not

support hauling defendant Cayford into court in an inconvenient forum.  Defendant Cayford is merely

an employee—a claims evaluator—of Hartford-CEBSCO.  He was acting under the direction of his

employer.  His activities in Kansas were done on behalf of Hartford-CEBSCO, not himself

individually.  The activities in question do have interstate impacts, but they are the activities of

Hartford-CEBSCO, not the activities of defendant Cayford as an individual.  Defendant Cayford has

no individual activities in Kansas.  After examining the factors presented in *Peay*, the court finds that

under the specific facts of this case, the inconvenience to defendant Cayford is constitutionally

significant.

The court must next consider whether the federal interest in litigating the dispute in this forum

outweighs the burden imposed on defendant Cayford.  The court finds that it does not.  Defendant

Cayford's actions in Kansas were on behalf of his employer, Hartford-CEBSCO.  Plaintiff has

brought his ERISA breach of fiduciary duty and failure to produce documents claims against both

defendant Cayford and Hartford-CEBSCO.  The federal policies behind ERISA and its nationwide

service of process will continue to be advanced; plaintiff's claims against Hartford-CEBSCO will be

heard in this forum and nothing prevents plaintiff from bringing claims against defendant Cayford in

the proper forum.  Therefore, the court finds that the federal interest in litigating the dispute against

defendant Cayford in this forum does not outweigh the burden imposed on him.

**IT IS THEREFORE ORDERED** that Defendant Steven J. Cayford's Renewed Motion to

Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim and Renewed Motion for

Summary Judgment (Doc. 195) is granted.  Defendant Steven J. Cayford is hereby dismissed from

this action.

-6-

Dated this 18th day of May, 2007, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**